IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY LEONARD GREEN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3765 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Roy Leonard Green, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his state felony guilty plea and sentence for possession of a controlled substance. Respondent filed a motion for summary judgment, with a copy of the state court record. (Docket Entries No. 10, 23.) Petitioner has responded. (Docket Entry No. 24.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this action.

*Procedural Background*

Petitioner pleaded guilty to possession with intent to deliver cocaine under cause number 927570 in the 262nd district court of Harris County, Texas, and pleaded "true" to a deadly weapon allegation and a prior felony conviction. Pursuant to a plea bargain agreement, petitioner was sentenced to thirty years incarceration. The conviction was affirmed on appeal. *Green v. State*, No. 14-03-00213-CR (Tex. App. – Houston [14th Dist.]

2004, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review. *Green v. State*, PDR No. 1055-04. Petitioner's state habeas application was denied by the Texas Court of Criminal Appeals without a written order. *Ex parte Green*, No. 65,357-02, at cover.

Petitioner raises the following grounds for federal habeas relief:

(1) an involuntary guilty plea;

(2) ineffective assistance of trial counsel;

(3) actual innocence of the deadly weapon finding;

(4) unconstitutional application of deadly weapon statutes;

(5) ineffective assistance of appellate counsel; and

(6) Fourth Amendment search and seizure violations.

Respondent argues that all of these grounds fail as a matter of law.

*Factual Background*

The state appellate court set forth the following statement of facts in its opinion:

Drug Enforcement Administration ("DEA") Agent Jack Schumacher received a telephone call from an attorney concerning information his client, Gabriel Monroe, had regarding drug trafficking in Houston. Monroe had not worked with the police or the DEA in the past. Approximately three weeks after their initial meeting, Monroe telephoned Schumacher and stated he would be able to arrange the sale of two kilograms of cocaine from a man named Roger Dyer. According to testimony, Dyer insisted the sale take place on October 15, 2002, at a Burger King located near the intersection of Martin Luther King Boulevard and Interstate 610. With the assistance of officers from the Pasadena Police Department Narcotics Division, Schumacher set up surveillance at the Burger King. Dyer informed Monroe that he did not have two kilograms of cocaine and would be relying on a third-party supplier to

consummate the deal. Dyer informed Monroe that his supplier, who later turned out to be appellant, preferred to meet at a shopping center located further north on Martin Luther King Boulevard rather than the Burger King. According to Schumacher's testimony, Monroe informed him that Dyer would be driving a black Harley Davidson-model Ford pickup truck. Schumacher testified that, upon arriving at a service station located across the street from the shopping center, he observed a black Harley Davidson pickup truck in the parking lot positioned in close proximity to a gray Harley Davidson-model Ford pickup truck. Monroe was located at the same service station as Schumacher and also testified that Dyer's black truck was in the shopping center parking lot. Monroe, however, did not recall seeing the gray truck, and did not know what type of vehicle the supplier was driving. Schumacher was unwilling to purchase the cocaine at the shopping center and insisted Monroe inform Dyer that the sale had to take place at the Burger King. By radio, Schumacher kept the Pasadena police officers informed of the transpiring events.

According to Detective Timothy Smith of the Pasadena Police Department Narcotics Division, the black and gray pickup trucks, driven by Dyer and appellant respectively, traveled in tandem southbound on Martin Luther King Boulevard in the direction of the Burger King. Smith observed the vehicles pull off the road, at which time Dyer exited his vehicle and talked to someone in the gray pickup truck. Dyer telephoned Monroe and agreed to proceed with the transaction at the Burger King. Monroe relayed this message to Schumacher and Schumacher informed the Pasadena police officers.

Upon arriving at the Burger King, Dyer and appellant parked their vehicles, and Monroe, who was already at that location, parked his vehicle next to Dyer. Appellant exited his truck and walked to Dyer's vehicle where he and Dyer conversed. Monroe approached both men and appellant returned to his truck, moving it to the other side of the parking lot. Monroe entered Dyer's vehicle and received a telephone call from Schumacher asking if the cocaine was present. Monroe told Schumacher the cocaine was at the Burger King, but did not indicate which vehicle contained the contraband. Schumacher radioed the Pasadena police officers, signaling the officers to proceed.

Smith was the first officer on the scene. At the sight of Smith's unmarked police vehicle, appellant attempted to back out of the Burger King parking lot, but was blocked by several poles. Smith placed his vehicle in front of appellant's truck, effectively blocking in appellant. Wearing a police raid vest,

3

> Smith exited his vehicle with his service weapon drawn and ordered appellant to display his hands. While appellant was raising his hands, a gun fell to his lap, at which time Smith gave appellant additional commands to keep his hands raised. Appellant told Smith that he had a gun and that Smith should 'be cool because the dope is in the back.' Smith opened appellant's door and removed appellant from the vehicle. Appellant was placed on the ground and handcuffed. Turning back to appellant's vehicle, Smith saw the gun lying on the front seat of the truck. Upon looking through the side window, Smith observed a package wrapped in clear plastic and black duct tape. Smith testified that, based on his experience, this type of wrapping was a common way of packaging cocaine. The package later tested positive for the presence of cocaine.
>
> Appellant was charged by indictment with possession of a controlled substance with intent to deliver. Following the trial court's denial of appellant's motion to suppress, appellant pleaded guilty. Pursuant to a plea agreement, the trial court sentenced appellant to thirty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

*Green*, at 1-2 (citations and footnotes omitted).

*The Applicable Legal Standards*

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives

4

at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

*The State Court's Findings on Collateral Review*

In denying habeas relief, the state habeas court made the following relevant findings and conclusions:

> 1. The Court finds that the facts asserted in the affidavit of Stanley Schneider are true and that the affidavit of Stanley Schneider is credible.

2. The Court finds that based on the credible affidavit of Stanley Schneider and official court records, that Schneider represented the applicant in the primary case, cause number 927570 on a charge of possession with intent to deliver a controlled substance in the 262nd District Court of Harris County, Texas.

3. The Court finds that based on the credible affidavit of Stanley Schneider, that Schneider advised applicant that if he plead[ed] guilty to 30 years he would have to serve a minimum of 15 years because of the deadly weapon allegation.

4. The Court finds, based on the credible affidavit of Stanley Schneider, that Schneider repeatedly advised applicant of the nature of the charges against him and the consequences of his plea.

5. The Court finds, based on the credible affidavit of Stanley Schneider, that Schneider advised applicant that case law is clear that the mere fact that a weapon is in the possession of a person will sustain a deadly weapon allegation.

6. The Court finds, based on the credible affidavit of Stanley Schneider, that Schneider investigated the circumstances of applicant's case, researched the relevant law, and discussed with applicant the consequences of the deadly weapon allegation.

7. The [C]ourt finds unpersuasive the applicant's claim that Schneider failed to inform applicant of the minimum consequences of a plea of true to a deadly weapon enhancement.

8. The [C]ourt finds unpersuasive the applicant's claim that Schneider failed to inform applicant of a viable actual innocence defense.

9. The Court finds, based on the credible affidavit of Stanley Schneider, that applicant's guilty plea was knowingly and voluntarily entered and was an informed and intelligent choice.

1. The applicant fails to overcome the presumption of voluntariness of his plea created by the trial court records.

    2.       The applicant fails to show that his trial counsel's advice regarding his plea was unreasonable or that it rendered applicant's plea involuntary.

    3.       The applicant fails to show in all things that trial or appeal counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

    4.       The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

    5.       The applicant has failed to allege sufficient facts to meet his burden of establishing that Article 42.12 § 3g(a)(2) is unconstitutional.

    6.       The applicant's challenges to the probable cause for his arrest and search are not cognizable on habeas.

    7.       The applicant's challenge to the sufficiency of the evidence is not cognizable on habeas.

    8.       Because the applicant's claim that his Motion to Suppress should have been granted was raised on direct appeal and rejected by the Court of Appeals, this allegation need not be reconsidered on habeas.

    9.       In all things, the applicant has failed to demonstrate that his conviction was improperly obtained.

*Ex parte Green*, pp. 116-18 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Ex parte Green*, at cover. To the extent petitioner complains that the state habeas court failed to address his objections to the veracity of trial counsel's affidavit, no cognizable federal habeas ground is raised. Regardless, and as more fully discussed under each habeas ground, petitioner fails to rebut with clear and convincing evidence the presumed correctness of the trial court's findings.

7

*Involuntary Guilty Plea*

Petitioner complains that his guilty plea was involuntary because the trial court failed to admonish him that his plea of "true" to the deadly weapon enhancement would adversely effect his parole eligibility.

If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, that plea should be upheld on federal review. *Bradshaw v. Stumpf*, 545 U.S. 175, 125 S. Ct. 2398, 2405 (2005); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). A trial judge is required to ensure that a guilty plea is made knowingly and voluntarily. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir. 1988). These core concerns are addressed by the statutory admonishment requirements contained in Texas Code of Criminal Procedure art. 26.13.

State law did not require the trial court in the instant case to admonish petitioner as to the amount of time he may be required to serve before he is eligible for parole. *See* TEX. CODE CRIM. PROC., art. 26.13. Parole eligibility is a collateral consequence of the entry of a plea of guilty, and a defendant is not entitled to be informed of parole eligibility by the trial court. *Ex parte Young,* 644 S.W.2d 3, 4-5 (Tex. Crim. App. 1983). The record in the instant

8

case shows that the trial court's admonishments complied with state law. Clerk's Record at 21-24.

The Fifth Circuit has repeatedly held that there is no federal constitutional right to be informed of the collateral consequences of a guilty plea, such as information about parole eligibility. *See James,* 56 F.3d at 666 (constitution does not require furnishing defendant with information about parole eligibility); *Johnson v. Puckett*, 930 F.2d 445, 448 n.2 (5th Cir. 1991). Petitioner is not entitled to habeas relief on this ground.[1]

In rejecting petitioner's claims of an involuntary guilty plea, the state habeas court made the following relevant finding and conclusions:

> Finding No. 9. The Court finds, based on the credible affidavit of Stanley Schneider, that applicant's guilty plea was knowingly and voluntarily entered and was an informed and intelligent choice.
>
> Conclusion No. 1. The applicant fails to overcome the presumption of voluntariness of his plea created by the trial court records.
>
> Conclusion No. 2. The applicant fails to show that his trial counsel's advice regarding his plea was unreasonable or that it rendered applicant's plea involuntary.

---

[1] Petitioner argues that the plea documents appearing in the official state court record were altered after he signed them to "add in" a deadly weapon finding where none had existed. His conclusionary allegation that these changes were made after the fact is unsupported by the record and insufficient to raise a genuine issue of material fact precluding summary judgment. Nor did petitioner raise this issue in his state habeas proceedings. The guilty plea hearing clearly reflects that upon being asked by the trial court, "How do you plead to the enhancement paragraphs alleging a deadly weapon as well as a prior conviction, true or not true?" petitioner responded, "True, sir." Guilty Plea Hearing, p. 125. Nothing in the record shows that the State agreed to waive a deadly weapon finding, that a deadly weapon finding was never intended, or that the deadly weapon finding breached the final plea bargain agreement.

*Ex parte Green*, p. 117-18. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

The state habeas courts denied relief on petitioner's claim of an involuntary guilty plea. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or was an unreasonable determination of the facts based on the evidence in the record. No basis for federal habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance

10

was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner alleges that trial counsel failed to advise him properly or correctly of (1) the parole eligibility consequences of pleading "true" to the deadly weapon allegation, and (2) of his right to plead "not true" to the deadly weapon allegation.

Under the first ground, petitioner alleges that trial counsel failed to inform him that by pleading "true" to the deadly weapon allegation, he would be confined for a mandatory

11

fifteen years of his thirty year sentence prior to parole eligibility. In his affidavit submitted to the state habeas court, trial counsel testified in relevant part as follows:

> First, Green and I reviewed the indictment against him and the various options that he had. I advised him that because of the deadly weapon allegation in the indictment, he would have to serve a minimum of 15 years if he plead[ed] guilty to 30 years. At one time, he was offered the opportunity to plead for a less[er] sentence if he did not contest his arrest and the seizure of the drugs. We reviewed in detail the plea papers and the consequences of his plea. I believe that I tried to get the State to dismiss the deadly weapon allegation in the indictment as part of plea negotiations.[2] Green insisted on challenging the search and his arrest.

*Ex parte Green*, p. 107.

In rejecting petitioner's argument, the state habeas court made the following relevant findings:

> Finding No. 3.    The Court finds that based on the credible affidavit of Stanley Schneider, that Schneider advised applicant that if he plead[ed] guilty to 30 years he would have to serve a minimum of 15 years because of the deadly weapon allegation.
>
> Finding No. 4.    The Court finds, based on the credible affidavit of Stanley Schneider, that Schneider repeatedly advised applicant of the nature of the charges against him and the consequences of his plea.

                    *   *   *

---

[2] Respondent incorrectly paraphrases this sentence to read, "Mr. Schneider further states that. . . Green even turned down a plea offer in which the State agreed to drop the deadly weapons (sic) enhancement if he would not contest the issue related to his arrest on appeal." (Docket Entry No. 23, p. 14.) As petitioner correctly notes, Mr. Schneider made no such statement in his affidavit. (Docket Entry No. 24, p. 2.) Respondent's incorrect reading of the affidavit, however, does not entitle petitioner to an evidentiary hearing.

>Finding No. 7.   The [C]ourt finds unpersuasive the applicant's claim that Schneider failed to inform applicant of the minimum consequences of a plea of true to a deadly weapon enhancement.

*Ex parte Green*, p. 116-17 (citations omitted).

The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. Petitioner fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown.

Under the second ground, petitioner alleges that trial counsel improperly and incorrectly advised him to plead "true" to the deadly weapon allegation. In support, petitioner claims that he was "actually innocent" of the deadly weapon allegation under state law. In his affidavit submitted to the state habeas court, trial counsel testified in relevant part as follows:

>The case law is real clear concerning the sufficiency of evidence relating to a deadly weapon allegation and I advised Mr. Green accordingly. In fact, we discussed the issue of a deadly weapon as it related to his prior convictions and plea to the charge of aggravated assault. Appellate courts have uniformly determined that evidence is sufficient to support a deadly weapon allegation even if the weapon is neither used [nor] pointed in the direction of another. The mere fact that a weapon is in the possession of a person will sustain a deadly weapon allegation. According to Green's writ, the weapon was found in his lap and that an officer observed him drop something when he put his hands up. The question of actual innocence of the deadly weapon allegation is not dependent on the use of the deadly weapon but on the possession and proximity of a weapon to a drug transaction.

*Ex parte Green*, p. 107.

In rejecting petitioner's argument, the state habeas court made the following relevant findings:

> Finding No. 5.    The Court finds, based on the credible affidavit of Stanley Schneider, that Schneider advised applicant that case law is clear that the mere fact that a weapon is in the possession of a person will sustain a deadly weapon allegation.
>
> Finding No. 6.    The Court finds, based on the credible affidavit of Stanley Schneider, that Schneider investigated the circumstances of applicant's case, researched the relevant law, and discussed with applicant the consequences of the deadly weapon allegation.
>
> *   *   *
>
> Finding No. 8.    The [C]ourt finds unpersuasive the applicant's claim that Schneider failed to inform applicant of a viable actual innocence defense.

*Ex parte Green*, p. 117 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. The state habeas court determined that under the totality of the circumstances, and based on the record, petitioner's plea of guilty was not involuntary, and that he was afforded reasonably effective assistance of counsel. *Id*., p. 118.

Petitioner fails to rebut the presumed correctness of these findings with clear and convincing evidence, or show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of trial counsel.

*Actual Innocence*

Petitioner claims that he is "actually innocent" of the deadly weapon finding because there was no "mens rea" or proof of his intent to use the weapon during commission of the drug offense. Petitioner's complaint is in the nature of a challenge to the legal sufficiency of the evidence to support the deadly weapon finding.

In pursuing this argument, petitioner contends that his plea of "true" to the deadly weapon enhancement must be set aside because it is unsupported by legally sufficient evidence and was the product of incorrect legal advice from trial counsel. Neither of these contentions has merit; this Court has rejected petitioner's allegation of ineffective assistance of counsel, and petitioner's plea of "true" to the deadly weapon allegation negates his evidentiary challenge. Furthermore, the state habeas court rejected petitioner's sufficiency challenge to the deadly weapon finding and found that "The applicant's challenge to the sufficiency of the evidence is not cognizable on habeas." *Ex parte Green*, p. 118 (citation omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. Because petitioner failed to challenge the sufficiency of the deadly weapon finding on appeal, the issue is procedurally defaulted at this juncture. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Even assuming the issue were properly before this Court, petitioner's argument is without merit. *See Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (en banc) (holding that when a challenge is made to the legal sufficiency of a deadly weapon finding,

15

the reviewing court must determine whether the evidence demonstrated that: (1) the object meets the statutory definition of a dangerous weapon; (2) the deadly weapon was used or exhibited during the transaction from which the felony conviction was obtained; and (3) other people were put in actual danger); *see also Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding that when there is a challenge to the sufficiency of the evidence, the question is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable beyond a reasonable doubt). The record before this Court reveals evidence sufficient for a rational trier of fact to find the essential elements of the deadly weapon allegation beyond a reasonable doubt.

No basis for federal habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Unconstitutional Application of Deadly Weapon Statutes*

Petitioner complains that he was subjected to an "unconstitutional application" of state statutes delaying his eligibility for parole until he serves one-half of his sentence. Under applicable state law,

> [a]n inmate serving a sentence. . . for an offense for which the judgment contains an affirmative finding under Section 3g(2) of [Texas Code of Criminal Procedure Article 42.12], is not eligible for release on parole until the inmate's actual calendar time served . . . equals one half of the sentence.

Section 508.145(d), Texas Government Code. Furthermore, an affirmative finding of the use or exhibition of a deadly weapon may be made

16

> when it is shown that a deadly weapon. . . was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court.

Art. 42.12, section 3g(a)(2), Texas Code of Criminal Procedure. In rejecting petitioner's claim, the state habeas court found that, "The applicant has failed to allege sufficient facts to meet his burden of establishing that Article 42.12 § 3g(a)(2) is unconstitutional." *Ex parte Green*, p. 118 (citation omitted).

A careful review of petitioner's instant claim reveals it as simply a legal sufficiency challenge to the deadly weapon finding. Petitioner does not challenge the constitutionality of the state statutes *per se*, but rather, argues that under the facts of his case, application of the statutes was improper. (Docket Entry No. 1, Memorandum of Law, pp. 19-22.) As previously noted, petitioner's plea of "true" to the enhancement allegation negates his evidentiary challenge. Regardless, the sufficiency challenge has been procedurally defaulted under *Nobles*. Even assuming the issue were properly before this Court, the Court has already found the issue without merit under *Drichas* and *Jackson*.

No basis for federal habeas relief is shown, and respondent is entitled to summary judgment on this issue.

### *Ineffective Assistance of Appellate Counsel*

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate

performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts that, if proven, would show that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. *Williamson*, 183 F.3d at 462. Rather, it means that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690-91.

The record shows that pursuant to state law, petitioner was granted the right to appeal the denial of his pretrial suppression motion. Clerk's Record at 29. Appellate counsel raised and argued the issue on appeal. *Green*. Despite the statutory limitations on his right to appeal, petitioner argues that appellate counsel should have raised on appeal the issues of improper guilty plea admonishment, ineffective assistance of counsel, and actual innocence of the deadly weapon finding.

In rejecting these arguments, the state habeas court found that

> The applicant fails to show in all things that trial or appeal counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

18

*Ex parte Green*, p. 118 (citations omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. Petitioner fails to show deficient performance by counsel in not raising the complained-of issues. Regardless, this Court has rejected the issues petitioner claims should have been raised on appeal, and no prejudice under *Strickland* is shown. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Petitioner fails to rebut the presumed correctness of the state court's findings with clear and convincing evidence, or show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of appellate counsel.

*Fourth Amendment Search and Seizure Violations*

Petitioner asserts that he was wrongfully arrested without a warrant absent an investigative detention and without probable cause, in violation of the Fourth Amendment and art. 1.06 of the Texas Code of Criminal Procedure. Both the state court on direct appeal and on collateral review rejected these arguments. Petitioner's claims of state law violations raise no cognizable federal habeas ground, as no fundamentally unfair trial is shown by the record. *Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006).

When the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas relief may not be granted on grounds that evidence

19

obtained in an unconstitutional search or seizure was introduced at trial. *Stone v. Powell*, 428 U.S. 465, 489-92 (1976). The record here shows that petitioner litigated his Fourth Amendment claims in the state trial, appellate, and habeas courts. Consideration of his Fourth Amendment claims on federal habeas is barred by *Stone*.

No grounds for federal habeas relief are shown, and respondent is entitled to summary judgment on petitioner's Fourth Amendment claims.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 23) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on August 21, 2007.

_____
Gray H. Miller
United States District Judge